Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
I
El día 21 de julio de 1995 este Tribunal dictó resolución en el caso de epígrafe requiriéndole al Secretario de Salud que en el término de quince (15) días a partir de la notificación de dicha resolución compareciera a expresarse sobre el recurso de certiorari presentado por la peticionaria Guaynabo Diagnostic & Imaging (Guaynabo Diagnostic).
El día 10 de agosto de 1995 compareció la Oficina del Procurador General mediante escrito titulado Escrito en Cumplimiento de Orden. Alega que la sentencia recurrida es correcta en derecho en vista de los hechos específicos del caso. Veamos cuáles son éstos.
*1004 II
La peticionaria solicitó al Departamento de Salud un certificado de necesidad y conveniencia (en adelante CNC) para ofrecer los servicios de tomografía computadorizada (en adelante CT) en el Municipio de Guaynabo. De acuerdo al Reglamento Núm. 56 del Secretario de Salud, se le notificó a las personas afectadas dicha solicitud. Según dicho reglamento, las personas interesadas debieron haber manifestado su interés en el término de quince (15) días después de haber sido notificadas por correo o por edictos de la presentación de la solicitud, lo que ocurriere último, para así poder presentar prueba en la vista que se celebrara para evaluar la solicitud del CNC. Sólo compareció a oponerse la aquí recurrida Metropolitan CT Center, Inc. La recurrida solicitó a la Oficial Examinadora que citara como testigos a varios representantes de unidades de CT dentro y fuera de la Región Metropolitana de Salud. Estos representantes son todos a los que se les ha otorgado un CNC en la Región Metropolitana de Salud. Metropolitan desea que esas personas sean citadas para que declaren sobre la capacidad de sus respectivos centros de CT para absorber la demanda existente para tales servicios en su área, y si tienen capacidad para llevar a cabo una demanda mayor de la existente actualmente, lo que haría innecesario el establecimiento de centros de CT adicionales. La peticionaria se opuso a la citación de todas esas personas alegando que son personas afectadas, según definidas en el Reglamento Núm. 56, que fueron debidamente notificadas de la propuesta y no manifestaron interés alguno en comparecer, razón por la que no se les debe obligar a comparecer. La Oficial Examinadora rehusó citar a las personas solicitadas a base de que no eran cualquier testigo sino opositoras o posibles opositoras al caso ante su consideración, que habían sido debidamente notificadas del proceso y su comparecencia era voluntaria. Entendió la Oficial Examinadora que compeler la comparecencia de los posibles opositores cambiaría drásticamente el procedimiento de las vistas. La aquí recurrida solicitó la reconsideración de esta determinación. La Oficial Examinadora modificó su determinación inicial y reconoció la pertinencia del testimonio de los operadores que se pretendían citar (con excepción de los operadores de centros de tomografía ubicados fuera del área de servicio donde operaría el centro solicitado). Aun así sostuvo su negativa de citarlos. 
Metropolitan recurrió ante el Tribunal Superior el cual determinó, luego de varios trámites, que siendo pertinente a la controversia el testimonio de las personas que se quieren citar, y tratándose de una información muy importante para que el Departamento de Salud pueda decidir si se justifica o no conceder el CNC en disputa, constituiría abuso de discreción de la Oficial Examinadora del Departamento de Salud que rehusara citar a los testigos solicitados en circunstancias como las de este caso, sin expresar ningún otro fundamento aparte de que eso no es lo que el Departamento de Salud suele hacer.
La peticionaria alega que erró el Tribunal de Primera Instancia al determinar que el Departamento de Salud tiene la obligación de citar a las personas afectadas que fueron notificadas de la solicitud del CNC y que no manifestaron interés en participar del proceso como opositores.
En apoyo dé su planteamiento de error, la peticionaria argumenta que el Tribunal de Primera Instancia añade limitaciones o restricciones al texto de la Ley de Facilidades de Salud, Ley Núm. 2 de 7 de noviembre de 1975, 24 L.P.R.A. sees. 331-339. Argumenta la peticionaria que el Reglamento del Secretario de Salud establece los criterios a considerar al evaluar la solicitud del CNC, que el criterio a considerar es uno numérico y su cumplimiento fue establecido en la vista administrativa. El mismo Reglamento dispone en su Art. VI, que los criterios específicos establecidos al evaluar la solicitud de un CNC deben utilizarse en unión a los criterios generales establecidos en el Art. V del mismo reglamento. Los criterios en que la peticionaria descansa son los siguientes: 

"a. El criterio o norma de evaluación será de trescientos mil (300,000) habitantes por 
*1005
facilidad que formen parte de una misma región del Departamento.

b. Sólo se aprobarán solicitudes de facilidades a ser ubicadas en municipios que sean cabeceras de una región del Departamento.

c. No se autorizará equipo adicional de este tipo hasta tanto los existentes en el área de servicio hayan sobrepasado al menos mil (1,000) procedimientos en un (1) año."

Es a base de estos criterios específicos que la peticionaria alega que debe descansar la decisión de si se concede o no un CNC, porque según la peticionaria, éstos deben prevalecer sobre los criterios generales.
Entre los criterios generales del reglamento se encuentran: 
"(a)-..
(b).

(c) La existencia de alternativas a la transacción para la cual se solicita el certificado o la posibilidad de proveer los servicios contemplados de manera más eficiente o menos costosa que la propuesta por el solicitante.

(d) La viabilidad económica a corto y largo plazo, así como el probable impacto del proyecto en los costos de operación y en los cargos a usuarios por los servicios a ofrecerse por el proponente.

(e) 1. La necesidad que tiene el por ciento de la población a ser servida de los servicios propuestos y la forma en que los residentes del área y en particular las personas de bajos ingresos, con impedimentos físicos y mentales, los envejecientes y otros posibles grupos no privilegiados han de tener acceso a los servicios.

2.

(g) La relación entre el sistema de salud operante en el área y la transacción propuesta."

La Ley sobre CNC, Ley Núm. 2 de 7 de noviembre de 1975, según enmendada por la Ley Núm. 16 de 19 de septiembre de 1983, faculta al Secretario de Salud a establecer mediante reglamento los criterios para expedir o denegar el CNC. Al establecer esos criterios el Secretario deberá considerar las guías generales establecidas en la misma ley. Es doctrina establecida la validez del poder de reglamentación que tienen las agencias. Marketing v. Departamento de Agricultura, 118 D.P.R. 319 (1987), sin embargo, la reglamentación promulgada por la agencia debe estar dentro de los poderes delegados. Viajes Gallardo v. Clavell,_D.P.R._(1992), 92 JTS 90. El reglamento establecido por el Secretario de Salud para los CNC dispone unos requisitos específicos y otros generales que deben cumplirse al evaluarse la concesión de un CNC. Esto es así ya que en el mismo reglamento se dispuso sobre el cumplimiento de las guías generales. Entre las guías generales establecidas se encuentran varios de los criterios esbozados en el Art. 3 de la Ley Sobre Certificado de Necesidad y Conveniencia y en los cuales el tribunal a quo basó su decisión. De un análisis de la ley ya mencionada y del Reglamento del Secretario de Salud Núm. 56 surge que al evaluar la solicitud de un CNC deben considerarse varios criterios. Los criterios a considerarse son los generales y los específicos, delimitados tanto en la Ley como en el reglamento. No podemos, por lo tanto, aceptar el planteamiento de la peticionaria de que al probarse que el equipo existente en el área de servicio sobrepasa los mil (1,000) procedimientos al año, no debe entrarse a considerar si las facilidades existentes tienen la *1006 capacidad para absorber demanda adicional por el servicio. 
Al evaluar la solicitud de citación de testigos, la Oficial Examinadora debe actuar dentro de los límites establecidos por ley y el reglamento. Siendo pertinente a la controversia el testimonio de las personas a las que se quiere citar y teniendo facultad para expedir citaciones, no erró el tribunal al señalar que constituiría abuso de discreción de la Oficial Examinadora negarse a citar a los testigos en las circunstancias de este caso y a base de que el Departamento de Salud no suele hacer eso. Una práctica administrativa sirve de guía orientadora al interpretar un estatuto y normalmente tiene un gran peso ante los tribunales, a menos que se determine que ha habido abuso de discreción. Brugal & Co. v. Buscaglia, 64 D.P.R. 903, 910 (1945).
- Por los fundamentos antes expuestos, este Tribunal determina que no erró el tribunal a quo y deniega la expedición del auto de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 258
1. Artículo IV de dicho Reglamento.
2. Según definidas en el Art. II del Reglamento.
3. Id, Art VIII(4)
4. Las solicitudes se aprobarán para ubicarse sólo en municipios que sean cabeceras de una región del Departamento de Salud. El CNC solicitado será ubicado en Guaynabo, que pertenece a la Región de Salud de San Juan, cuya sede es San Juan. En el Informe de la Secretaría Auxiliar para la Reglamentación y Acreditación de Facilidades de Salud (SARAFS) se utiliza este término para indicar el área de servicio concernida.
5. Págs. 28-30 de la transcripción de la Vista Administrativa del 17 de noviembre de 1994.
6. Según el Informe enmendado de la Oficial Examinadora.
7. Página 7 Sentencia Enmendada.
8. Art. VI (16)(2) del Reglamento del Departamento de Salud.
9. Art. V(l).
10. Art. 3 y 7 de la Ley Núm. 2 de 7 de noviembre de 1975, según enmendada, 24 L.P.R.A. sec. 334b y 334 f(2) respectivamente.
11. Véase Art. IV(2)(d) del citado Reglamento.
12. Pág. 7 de la petición de certiorari.
13. Art. VDI (6) del Reglamento.